IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DEVON B. HARROD,**          *

           **Plaintiff,**   *

v.

                             *   **Civil No.: 1:18-cv-02542-GLR**

**MAYOR AND CITY COUNCIL,** *et al.***,**

                             *

           **Defendants.**   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT, DEAN PALMERE'S, ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant, Dean Palmere ("Defendant" or "Defendant Palmere"), by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 8 and Federal Rule of Civil Procedure 12, hereby answers the Complaint (*ECF No*. 1) and files his affirmative defenses, as follows:

### INTRODUCTION

This introductory paragraph is a statement of the case to which no response is required.

### JURISDICTION AND VENUE

1. Paragraph 1 consists of legal conclusions that Defendant does not have to answer. To the extent that Defendant is required to answer, Defendant denies the allegations contained in Paragraph 1.

2. Paragraph 2 consists of legal conclusions that Defendant does not have to answer. To the extent that Defendant is required to answer, Defendant denies the allegations contained in Paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 3, and the averments are therefore deemed denied.

4. Paragraph 4 does not contain an allegation against the Defendant, therefore no admission or denial is required be Defendant Palmere.

## PARTIES

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of Paragraph 5 that Plaintiff is a resident of the state of Maryland, and the averments are therefore deemed denied. Defendant admits that Plaintiff is suing in this matter as the aggrieved party.

6. Defendant admits that Evodio C. Hendrix was employed by the Baltimore City Police Department at the times relevant to the allegations contained in the Complaint. The remainder of the allegations in Paragraph 6, that Evodio Hendrix was "acting in his official capacity as a police officer" and ""under the authority and color of law," are legal conclusions that Defendant does not have to answer. To the extent that Defendant is required to answer, Defendant denies those averments contained in Paragraph 6.

7. Defendant admits that Wayne Jenkins was employed by the Baltimore City Police Department, holding the rank of Sergeant at the times relevant to the allegations contained in the Complaint. The remainder of the allegations in Paragraph 6, that Wayne Jenkins was "acting in his official capacity as a police officer" and "under the authority and color of law," are legal conclusions that Defendant does not have to answer. To the extent that Defendant is required to answer, Defendant denies those averments contained in Paragraph 7.

8. Admit.[*]

9. Admit.

---

[*] Paragraph 8 appears to set forth an incomplete allegation. *See ECF No*. 1, Complaint, Paragraph 8, which reads in part "and at all times relevant hereto", without stating a complete allegation. Defendant Palmere only admits what is expressly stated in the Complaint as drafted, and reserves the right to assert any additional answer to the extent Paragraph 8 is ever amended by Plaintiff to include a further, allegation against him.

10. Admit.

## FACTS COMMON TO ALL COUNTS

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 11, and the averments are therefore deemed denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12, and the averments are therefore deemed denied.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 13, and the averments are therefore deemed denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 14, and the averments are therefore deemed denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15, and the averments are therefore deemed denied.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 16, and the averments are therefore deemed denied.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 17, and the averments are therefore deemed denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 18, and the averments are therefore deemed denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19, and the averments are therefore deemed denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20, and the averments are therefore deemed denied.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 21, and the averments are therefore deemed denied.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22, and the averments are therefore deemed denied.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 23, and the averments are therefore deemed denied.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24, and the averments are therefore deemed denied.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 25, and the averments are therefore deemed denied.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 26, and the averments are therefore deemed denied.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 27, and the averments are therefore deemed denied.

28.     Admit.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 29, and the averments are therefore deemed denied.

30.     Admit.

31.     Admit.

32.     The averments of Paragraph 32 consist of legal conclusions to which no answer is required.  To the extent an answer is required, the allegations of Paragraph 32 are denied.

33.     The averments of Paragraph 33 consist of legal conclusions to which no answer is required.  To the extent an answer is required, the allegations of Paragraph 33 are denied.

34. The averments of Paragraph 34 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 34 are denied

35. The averments of Paragraph 35 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 35 are denied.

36. The averments of Paragraph 36 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 36 are denied.

37. The averments of Paragraph 37 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 37 are denied.

38. The averments of Paragraph 38 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 38 are denied.

39. The averments of Paragraph 39 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 39 are denied.

40. The averments of Paragraph 40 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 40 are denied.

41. The averments of Paragraph 41 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 41 are denied.

42. The averments of Paragraph 42 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 42 are denied.

43. The averments of Paragraph 43 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 43 are denied.

44. The averments of Paragraph 44 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 44 are denied.

45. The averments of Paragraph 45 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 45 are denied.

46. The averments of Paragraph 46 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 46 are denied.

47. The averments of Paragraph 47 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 47 are denied.

48. The averments of Paragraph 48 consist of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 48 are denied.

### FACTS RELEVANT TO CLAIMS AGAINST DEPUTY COMMISIONER PALMERE, BALTIMORE CITY, AND BPD

49. Deny.

50. Deny.

51. Paragraph 51 does not include an allegation directly against Defendant Palmere. To the extent that Paragraph 51 implies any wrongdoing against Defendant Palmere, same is denied.

52. Deny.

53. Deny.

54. Paragraph 54 incorporates and attaches as an exhibit to the Complaint the Department of Justice's ("DOJ") "Investigation of the Baltimore City Police Department" published August 10, 2016. *See ECF Nos*. 1-5.

55. Paragraphs 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, are direct citations to factual allegations, ostensible findings and conclusions made by the DOJ in its investigative report. To

Case 1:18-cv-02542-GLR   Document 17   Filed 10/02/18   Page 7 of 12

the extent that Plaintiff incorporates and adopts those factual allegations, ostensible findings and conclusions via Paragraphs 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, to impute any liability in this matter to Defendant Palmere, Defendant Palmere denies all said factual allegations, ostensible findings and conclusions.

## COUNT I

56. Paragraph 90 adopts and incorporates all of Plaintiff's preceding allegations, to which Defendant adopts and incorporates all of his prior answers as made herein to those allegations.

57. Defendant denies Paragraphs 91, 92, 93, 94, 95.

## COUNT II

58. Paragraph 96, adopts and incorporates all of Plaintiff's preceding allegations, to which Defendant adopts and incorporates all of his prior answers as made herein to those allegations.

59. Defendant denies Paragraphs 97, 98, 99, 100.

## COUNT III

60. Paragraph 101 adopts and incorporates all of Plaintiff's preceding allegations, to which Defendant adopts and incorporates all of his prior answers as made herein to those allegations.

61. Paragraphs 102, 103(subparts a-d), and 104, comprise Plaintiff's *Monell* claims against Defendants Baltimore City Police Department and Mayor and City Council and are not asserted against Defendant Palmere.  Therefore no admission or denial is required by Defendant

Palmere.  To the extent that any allegations in Paragraphs 102, 103 (subparts a-d), and 104 imply any wrongdoing by Defendant Palmere, Defendant Palmere denies any and all such allegations.

## COUNT IV

62. Paragraph 105 adopts and incorporates all of Plaintiff's preceding allegations, to which Defendant adopts and incorporates all of his prior answers as made herein to those allegations.

63. Paragraphs 106, 107(subparts a-d), and 108 comprise Plaintiff's *Monell* claims against Defendants Baltimore City Police Department and Mayor and City Council and are not asserted against Defendant Palmere.  Therefore no admission or denial is required by Defendant Palmere.  To the extent that any allegations in Paragraphs 106, 107 (subparts a-d), and 108 imply any wrongdoing by Defendant Palmere, Defendant Palmere denies any and all such allegations.

## COUNV V

64. Paragraph 109 adopts and incorporates all of Plaintiff's preceding allegations, to which Defendant adopts and incorporates all of his prior answers as made herein to those allegations.

65. Paragraphs 110, 111, and 112 are denied.

## FIRST AFFIRMATIVE DEFENSE

To the extent that co-Defendants Jenkins and Hendrix violated the Plaintiff's constitutional rights, such acts were committed outside the scope of their employment as members of the BPD, and/or not under the color of law and/or performed with malice or constituted willful misconduct, for which Defendant Palmere bears no responsibility.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of immunity, including but not limited to, sovereign immunity, governmental immunity, qualified immunity, Eleventh Amendment immunity, and public official immunity.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred by the doctrine of assumption of the risk.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred by contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of *in pari delicto.*

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred due to the Plaintiff's failure to mitigate any alleged damages.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought against Defendant Palmere because Defendant Palmere did not act or fail to act as alleged by the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that co-Defendants Jenkins and Hendrix were performing lawful duties as members of the Baltimore Police Department, the co-Defendants' actions were privileged and they are entitled to any claim all common law, statutory, and qualified immunities.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any injuries, losses or damages as a result of the incident alleged in his Complaint, the injuries were proximately caused by Plaintiff's own illegal conduct or by the conduct of other persons or parties for whom Defendant Palmere was not and is not responsible or liable. Defendant Palmere was not the proximate cause of Plaintiff Harrod's injury, nor was his injury caused by any act or omission of Defendant Palmere.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Palmere reserves the right to assert any other affirmative defenses that may arise during the course of this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Palmere generally denies any allegations of wrongdoing and asserts further that he has not violated any of the Plaintiff's constitutional rights.

**SEVENTEETH AFFIRMATIVE DEFENSE**

Any arrest, search, or detention of Plaintiff Harrod was lawful, and any seizures were lawful.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant Palmere did not act with malice and his actions were objectively reasonable.

**NINETEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, res judicata and collateral estoppel.

**WHEREFORE**, having fully answered the Complaint filed by Plaintiff, Defendant respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in Defendant Palmere's favor, and the Court declare that the alleged acts and omissions of the three officers occurred outside of the scope of their employment, along with any such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

The Defendant demands a jury trial.

October 2, 2018                     Respectfully submitted,

                                   _____/s/_____
                                   Andre M. Davis
                                   City Solicitor
                                   Federal Bar No. 362

                                   _____/s/_____
                                   Brent Schubert
                                   Assistant City Solicitor
                                   Federal Bar No. 19593

                                   Baltimore City Department of Law

>Office of Legal Affairs
>City Hall, Room 101
>100 N. Holliday Street
>Baltimore, MD 21202
>443-759-0526 (telephone)
>410-396-2126 (facsimile)
>Brent.Schubert@baltimorepolice.org
>
>*Attorneys for Defendant Palmere*