# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DEVON B. HARROD,** | * |
| **Plaintiff,** | * |
| v. | * |
| | Civil No.: 1:18-cv-02542-GLR |
| **BALTIMORE CITY** | * |
| **POLICE DEPARTMENT,** *et al.*, | |
| | * |
| **Defendants.** | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## BALTIMORE POLICE DEPARTMENT'S OPPOSITION TO CO-DEFENDANT EVODIO HENDRIX'S MOTION TO DISMISS CROSS-CLAIM

Cross-Plaintiff, Baltimore City Police Department (hereinafter "BPD"), submits this opposition to Cross-Defendant Evodio Hendrix's (hereinafter "Hendrix") Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of jurisdiction BPD's cross-claim for declaratory relief. *See* ECF No. 31.

As more fully explained below, BPD's cross-claim is a permissible contingent cross-claim brought pursuant to Fed. Rule Civ. P. 13(g) (hereinafter "Rule 13(g)"). Both Rule 13(g) and relevant case law are clear that contingent cross-claims are permitted in situations similar to the instant matter. Hendrix's argument is predicated on the incorrect assumption that BPD's cross-claim must be adjudicated prior to the underlying claims against him, and further treats the cross-claim as if it were filed as a separate action. The cases that Hendrix cites to support his contentions do not reject or cast doubt upon a co-defendant's right to file a contingent cross-claim for declaratory relief. This Court has jurisdiction over BPD's contingent cross-claim and therefore should deny Hendrix's motion to dismiss.

# FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2017, co-defendants and former BPD Officers Hendrix and Wayne Jenkins[1] (hereinafter "Jenkins") were indicted in the United States District Court for the District of Maryland for violations of RICO Conspiracy, 18 U.S.C, § 1962(d), RICO, 18 U.S.C. § 1962(c); Aiding and Abetting, 18 U.S.C. § 2; and Criminal Forfeiture, 21 U.S.C. § 853. *See United States v. Gondo, et al.*, 1:17-cr-00106-CCB, ECF No. 1. On July 21, 2017, Hendrix's plea agreement was filed with the Court, in which he admitted that he knowingly and willingly became a member of a conspiracy, *id.*, ECF No. 158 p. 2., which "purpose[] [] included violating the legitimate purposes of the BPD in order to enrich themselves through illegal conduct . . ." by means such as "preparing false and fraudulent official incident and arrest reports, [] and charging documents . . . ECF No. 158, Attachment A, ¶¶ 5-6. Jenkins' plea agreement was filed with the Court on January 5, 2018. Jenkins also stated that the purpose of the conspirators was to "violate the legitimate purposes of the BPD in order to enrich themselves through illegal conduct" and stated that the conspirators made "false incident and arrest reports." 1:17-cr-00638-CCB, ECF No. 5, Attachment A ¶¶ 8-9d. In addition, Jenkins also admitted to planting evidence. *Id.*, ECF No. 5 ¶¶ 66.

On August 17, 2018, Plaintiff Devon Harrod (hereinafter "Plaintiff" or "Harrod") filed a Complaint against Hendrix and Jenkins, seeking damages for alleged civil rights violations that occurred during his interrogation and arrest.[2] *See generally* ECF No. 1. Specifically, Harrod

---

[1] Former BPD officers Allers, Rayam, Gondo, Hersl and Taylor were also indicted as part of this criminal conspiracy. *See United States v. Gondo, et al.*, 1:17-cr-00106-CCB, ECF No. 1. They are not parties to this case.

[2] Although this specific incident was not contained in either Harrod or Jenkins' indictments or plea agreements, it is of the same character as the incidents contained therein, and if it occurred as alleged, would be part and parcel of, and overt acts committed in the course of and in furtherance of, the very criminal conspiracy alleged in the federal indictment and thus, on proper proof, would fall outside the scope of their employment with BPD.

alleges that Jenkins and Hendrix planted a gun in his friend Aron Johnson's vehicle, coerced Harrod to confess to the possession of the gun, and stole over a thousand dollars from Johnson. ECF No. 1 ¶¶ 11-27. The Complaint alleges that "at all times relevant hereto, Defendants acted within the scope of their employment, with the power and authority vested in them as officers, agents, and employees of Baltimore City and BPD and incident to the pursuit of their duties as officers, employees and agents of Baltimore City and BPD." ECF No. 1 ¶ 42. On October 2, 2018, BPD filed its Answer and averred that the allegations regarding scope of employment constituted a legal conclusion, but "[t]o the extent an answer is required, the allegations of Paragraph 42 are denied." ECF No. 16 at ¶ 42. BPD filed with its Answer a contingent cross-claim brought under Rule 13(g) for declaratory relief against co-defendants Hendrix and Jenkins, seeking the issuance of a declaration that "[t]o the extent that the Memorandum of Understanding . . . allows or requires the City of Baltimore or the BPD to indemnify officers . . ." the "wrongs alleged by Plaintiff . . . were committed outside of the scope of the officers' employment as BPD law enforcement officers and in pursuit of said officers' private and personal interests." ECF No. 16 at p. 11 ¶¶ 2-3.

## STANDARD OF REVIEW

Fed. Rule Civ. P. 12(b)(1) (hereinafter "Rule 12(b)(1)") provides that a party may assert by motion the defense of lack of subject matter jurisdiction. A Rule 12(b)(1) motion raises the question of "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). It is the plaintiff's burden to show that subject matter jurisdiction exists. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). However, the United States Supreme Court has stated that when the facts supporting jurisdiction and the facts of the underlying tort are intertwined, dismissal is appropriate "only when the jurisdictional

allegations are 'clearly ... immaterial, made solely for the purpose of obtaining jurisdiction or where such a claim is wholly unsubstantial and frivolous.'" *Kerns v. United States*, 585 F.2d 187, 193 (4th Cir. 2009) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

## ARGUMENT

### A. *BPD's contingent cross-claim is allowed by Rule 13(g).*

BPD filed its cross-claim pursuant to Rule 13(g), which provides that:

> (g) Cross-claim Against a Co-party. A pleading may state as a cross-claim any claim by one party against a co-party if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The cross-claim may include a claim that the co-party is *or may be* liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

(Emphasis added). The plain and unambiguous text of Rule 13(g) allows contingent cross-claims. *See Providential Develop. Co. v. U.S. Steel Co.*, 236 F.2d 277, 281 (10th Cir. 1956) (stating "[t]he rule is not limited by text or purpose to definite or matured claims or causes of action. It is broad enough to include a claim of a contingent nature, the ultimate outcome of which depends upon the determination of other features or issues in the case"); *Netzer v. Union Carbide Corp.*, 2014 WL 5587040 at 4 n.5 (D. Md. October 31, 2014) (agreeing that Rule 13(g) "specifically authorize[s] the filing of cross-claims that are contingent on future events, most notably, the development of the plaintiff's underlying liability claims against parties to the cross-claims"); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 429 F. Supp.2d 1274, 1289 (M.D. Fla. 2005) ("Rule 13(g) does not require that the claim be mature at the time of pleading, hence, a cross-claim can be contingent upon the ultimate adjudication of the cross-claimant's liability to plaintiff") (citations omitted); *Bohn v. Amer. Export Lines, Inc.*, 42 F. Supp. 228, 229-30 (S.D.N.Y. 1941) (stating that under Rule 13(g), it is not necessary for "the liability sued on" to have "become fixed by a judgment as at common law").

### B. *Claims for declaratory relief are not excluded from Rule 13(g).*

Hendrix does not argue that BPD's cross-claim does not meet the requirements of Rule 13(g). Rather, Hendrix treats BPD's contingent cross-claim for declaratory relief as if it were filed as a separate stand-alone action, and presupposes that the Court must grant or deny declaratory relief prior to adjudicating the underlying claims against him. This is simply not true.

The cases Hendrix cites are inapposite, because they involve procedures that are not at issue in the current case. *See* ECF No. 31, p. 4. These cases are easily distinguishable, as follows:

- *Trice, Geary & Myers, LLC v. Camico Mut. Ins. Co.*, 459 Fed. Appx. 266, 277 (4th Cir. 2011): explaining that a statement that "a declaration concerning indemnification is inappropriate when related to issues to be litigated" assumes that the declaration would come first.

- *Penn-Amer. Inc. Co. v. Mapp*, 521 F.3d 290, 291-92 (4th Cir. 2008): Plaintiff filed a declaratory judgment action in the Eastern District of Virginia seeking declarations that it had no duty to defend or indemnify its insured against claims that were still underway in Virginia state court.

- *Nautilus Ins. Co. v. BSA Ltd. P'ship*, 602 F. Supp. 2d 641, 645-46, 657 (D. Md. 2009): in which a declaratory judgment action was brought by an insurance company to "clarify its duty to defend and indemnify its insured" in a separate civil suit that was filed in the United States District Court for the District of Columbia while litigation in the underlying suit was still ongoing.

- *Navigators Specialty Inc. Co. v. Med. Benefits Adm'rs of Md., Inc.*, 2014 WL 768822 at 19 (D. Md. 2014): declaratory relief action was filed as a separate case seeking declarations on insurance coverage in another pending case in the District for Maryland.

In all of these cases, separate declaratory judgment actions had been filed, separate and apart from the cross-claim. In the instant matter, BPD has not filed a separate declaratory judgment action based on the facts alleged in the Complaint, but instead filed a contingent cross-claim expressly permitted by Rule 13(g).

To the extent that Hendrix's argument advocates an exception to Rule 13(g) that would apply only to declaratory actions, such an argument fails. First, the few courts that have had occasion to address this issue have rejected it either explicitly or implicitly. In *Goldring v. Ashland Oil*, 59 F.R.D. 487, 490 (N.D. W.Va. 1973), the court decided the question of whether an cross-claim for indemnification was ripe under Rule 13(g). The *Goldring* Court concluded that the "indemnity claim may be set forth at this stage" because "'Rule 13(g) treats the claim for indemnification as a pleadable, litigable claim; for procedural purposes a claim for indemnification is ripe for adjudication; it may be tendered in a pending action in which the primary liability is being adjudicated.'" *Id.* (quoting *Atl. Aviation Corp. v. Estate of Costas*, 332 F. Supp. 1002, 1007 (E.D.N.Y.1971)).

Courts have often treated it as a foregone conclusion that Rule 13(g) allows contingent cross-claims regarding indemnification. *See, e.g.*, *Day v. Robbins*, 179 F. Supp. 3d 538, 541 (D. Md. 2016) (denying motion to dismiss cross-claim and allowing a cross-claim for indemnity or, in the alternative, for contribution); *Sher v. DAF Financial, Inc.*, 2011 WL 4840946 (D. Md. 2011) (allowing cross-claims for indemnification under the liberal amendment pleading standard); *Reichhold Chemicals, Inc. v. S.S. Mauricio De Oliveira*, 1983 WL 706, at *2 (D. Md. 1983) (explaining that "while both Rule 13(g) cross claims, and Rule 14(a) third party claims, by

their common language, 'is or may be liable,' permit contingent claims, Rule 13(a) and (e) require that a counterclaim brought by an opposing party must involve a mature claim or one which exists at the time of serving the pleading", the Court still allowed a counterclaim for indemnification); *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 745 (W.D. N.C. 2011) (noting the filing of cross-claims for indemnification and contribution); *Mumford v. Apple Polishing Sys. Of Tidewater, Inc.*, 2006 WL 8438460 at 1 (E.D. N.C. 2006) (noting that cross-claim was made asserting rights to indemnification and contribution if liability found).

There is nothing unique about claims for declaratory relief in the contingent cross-claim context. Every cause of action, whether for declaratory relief or not, must satisfy the case or controversy requirement of Article III of the United States Constitution. *See, e.g.*, *Hollingswoth v. Perry*, 570 U.S. 693, 704 (2013) ("Article III of the Constitution defines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies'") (citation omitted). The "case or controversy" requirement is not specific to declaratory judgments. The Rules, however, allow contingent cross-claims, which by definition are not immediately ripe for adjudication. If courts were to disallow contingent cross-claims for declaratory judgments, the same logic would disallow contingent cross-claims for all other relief as well. The parties need not, and indeed, it would make little sense, to litigate a cross-claim for a declaration of the existence of no duty to indemnify, in advance of the underlying claims. Moreover, "'district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act . . . '" *Volvo Const. Equip. No. Amer., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 591 (4th Cir. 2004) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1985)).

    C.    *BPD's contingent cross-claim promotes judicial economy.*

In his motion to dismiss, Hendrix argues that BPD should not have filed a cross-claim, but instead should file a separate action after the case against him is adjudicated. *See* ECF No. 31

p. 5. Although cross-claims are not compulsory, and BPD would have the option to pursue the claim in an independent action after a final judgment against movant had been entered and affirmed on appeal, it is not required to do so. *See e.g.*, *Dunn v. Sears & Roebuck & Co.*, 645 F.2d 511, 512, n.1 (5th Cir. 1981); *Priority Records, Inc. v. Bridgeport Music, Inc.*, 907 F. Supp. 725, 732 (S.D.N.Y. 1995). In essence, Hendrix is insisting that BPD's only remedy against Hendrix in this matter is through a separate declaratory judgment action. Such a theory would render Rule 13(g) irrelevant, which is clearly an untenable position.

In fact, it is often preferable that a party bring a contingent cross-claim – rather than file a separate action at a later date – because it promotes judicial economy. *See, e.g.*, *Providential Develop. Co. v. U.S. Steel Co.*, 236 F.2d 277, 281 (10th Cir. 1956) ("The rule is remedial in nature, intended to promote the expeditious and economical adjudication in a single action of the entire subject matter arising from one set of facts; and it should be liberally construed to achieve that commendable objective"); *Lumbermens Mut. Casualty Co. of Ill. v. Timms & Howard*, 108 F.2d 497, 499 (2d Cir. 1939) ("[c]ross-claims between defendants, when properly sued together, afford a means of determining entire controversy with a minimum of procedural steps"); *Goldring v. Ashland Oil*, 59 F.R.D. 487, 490 (N.D. W.Va. 1973) ("Moreover, by allowing [the] cross-claim to stand, we keep intact the framework for litigating the entire subject matter . . ., thereby avoiding needless multiplicity of actions").

## CONCLUSION

BPD's contingent cross-claim is permitted by Rule 13(g); therefore, this Court has subject matter jurisdiction to hear BPD's contingent cross-claim and therefore should deny Hendrix's Rule 12(b)(1) motion to dismiss.

Respectfully submitted,

/s/
Andre M. Davis (362)
Baltimore City Solicitor

Justin S. Conroy (28480)
Kara K. Lynch (29351)
Chief Solicitors
Baltimore City Department of Law
Office of Legal Affairs
City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202
410-396-2496 (telephone)
410-396-2126 (facsimile)
*Attorneys for BPD*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of December, 2018, a copy of the foregoing opposition to motion to dismiss cross-claim and proposed order was filed with the United States District Court for the District of Maryland by electronic filing. All counsel of record being served via the Court's electronic filing system.

/s/
Kara K. Lynch (29351)