UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 10, 2019

LETTER TO COUNSEL

RE:   *Devon B. Harrod v. Mayor & City Council, et al.*;
       Civil No. SAG-18-2542

Dear Counsel:

In this case, Plaintiff Devon B. Harrod sues former Baltimore City Police Officers Evodio Hendrix and Wayne Jenkins (collectively "the Officer Defendants"), the Baltimore Police Department ("BPD"), and former Deputy Commissioner Dean Palmere ("Palmere"), alleging civil rights violations in connection with his arrest by the Officer Defendants. ECF 1. Specifically, Harrod alleges that the Officer Defendants, who have been convicted in federal court for criminal conduct during their tenure with BPD's Gun Trace Task Force ("GTTF"), planted evidence and coerced a false confession from him during a single interaction on August 20, 2015. *Id.*[1] I have reviewed BPD and Palmere's Motion to Bifurcate and Stay Discovery ("the Motion"), ECF 55, the Opposition filed by Harrod, ECF 62, and BPD and Palmere's Reply, ECF 64. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Motion will be granted.

The Motion seeks to bifurcate the trial of Harrod's § 1983 claims against the Officer Defendants from his § 1983 *Monell* claim against BPD, and his supervisory claims against Palmere.[2] First, the standard for bifurcating trials is addressed in Federal Rule of Civil Procedure 42(b):

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

---

[1] The alleged incident involving Harrod was not part of the charged conduct resulting in the criminal conviction of either of the Officer Defendants. *See* ECF 55-1 at 6 n.4 (citing the Officer Defendants' Plea Agreements in their respective criminal cases).

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), authorized plaintiffs to bring § 1983 civil rights actions against municipalities where the municipality's official policy or custom caused constitutional injury.

*Harrod v. Mayor & City Council, et al.*
Civil No. SAG-18-2542
October 10, 2019
Page 2

The decision whether to bifurcate claims for trial is committed to the broad discretion of the trial judge. *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993).

The Motion also seeks to stay discovery related to the *Monell* and supervisory claims until the case against the Officer Defendants is concluded. Decisions about the appropriate timing and sequence of discovery lie within the discretion of the trial court. *See* Fed. R. Civ. P. 26(d)(1) (allowing discovery rules, including those pertaining to scheduling, to be modified "by court order").

Both parties agree that, in the overwhelming majority of similarly situated cases, this Court has bifurcated *Monell* and supervisory liability claims from the underlying § 1983 claims against individual officers. *See* ECF 55-1 at 4 (BPD and Palmere's Motion citing a string of cases bifurcating such claims); ECF 62 at 8 (acknowledging that "*Monell* claims are often presently bifurcated for trial"). The decision whether to bifurcate is ultimately a fact-specific inquiry, and nothing about the facts of this case differentiate it from those similar cases.

In order to establish *Monell* or supervisory liability, Harrod will have to establish that the Officer Defendants caused him constitutional injury at the time of his arrest on August 20, 2015. Discovery as to the facts of that single interaction should be relatively limited in scope. *See, e.g.*, *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991). If Harrod does not prove that critical element of his claim, his claims against BPD and Palmere cannot lie. *See id.* Harrod correctly notes that it is conceivable that he will prove the requisite constitutional injury, but that the Officer Defendants' defense of qualified immunity will exempt them from liability. ECF 62 at 4-5 (citing *Int'l Ground Transp. v. Mayor & City Council of Ocean City*, 475 F.3d 214, 219 (4th Cir. 2007)). In that circumstance, the case can proceed to discovery and trial against the BPD and Palmere. The discovery relevant to the *Monell* and supervisory liability claims will be far broader than the discovery about the single incident on August 20, 2015, because it will look at whether there has been a pattern or practice of violating constitutional rights. Judicial economy is therefore best served by staying discovery into those broader claims until there is a resolution of whether constitutional injury occurred during a single incident. Moreover, the evidence that would be relevant at a *Monell*/supervisory liability trial would be highly prejudicial if introduced at the trial of the Officer Defendants. Accordingly, bifurcated trials, in addition to a stay of discovery, are appropriate, and the Motion, ECF 55, is **GRANTED**.

Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge